UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Margie Bradley,                                          Case No. 3:20-cv-1078

         Plaintiff

   v.                                                   MEMORANDUM OPINION
                                   AND ORDER

Commissioner of Social Security,

         Defendant

## I.  INTRODUCTION

Before me is the Report & Recommendation (R & R) of Magistrate Judge Thomas M. Parker.  (Doc. No. 17).  Judge Parker recommends I affirm the final decision of the Defendant Commissioner of Social Security, denying Plaintiff Margie Bradley's application for Disability Insurance Benefits ("DIB").  (*Id.*).  Bradley timely filed objections to the R & R.  (Doc. No. 18).  The Commissioner filed a form response urging me to adopt Judge Parker's R & R but not substantively responding to Bradley's objections.  (Doc. No. 19).

## II.  BACKGROUND

After reviewing the R & R, and hearing no objection to these sections by Bradley, I hereby incorporate and adopt, in full, the "Procedural History" and "Evidence" sections set forth in the R & R.  (Doc. No. 17 at 1-9).

## III.  STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g).

"Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)); *Consol. Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938) ("Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.").  If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); 42 U.S.C. § 405(g).

The district judge "may not reverse a decision supported by substantial evidence, even if [he] might have arrived at a different conclusion." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 391 (6th Cir. 2005).  Still, a district judge must reverse even a decision supported by substantial evidence "where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

Importantly, a district judge "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)) (alteration added by *Fleischer*).  "[T]he Court's obligation is to review the ALJ's rationale, not invent a

new one or speculate as to how the ALJ might have reached her conclusion." *Freeze v. Comm'r of Soc. Sec.*, No. 18-12960, 2019 WL 4509130, at *2 (E.D. Mich. Sept. 19, 2019).

## IV.  DISCUSSION

Bradley's objection to Judge Parker's R & R challenges only the ALJ's residual functional capacity ("RFC") assessment.

The ALJ found Bradley to have the RFC "to perform light work as defined in 20 CFR 404.1567(b) except she is limited to lifting and carrying 15 pounds occasionally and 10 pounds frequently; she can stand and walk a total of four hours in an eight-hour workday; occasionally climb ramps, stairs, ladders, ropes, and scaffolds; occasionally balance, stoop, kneel, crouch, and crawl." (Doc. No. 12 at 23).  In support, the ALJ explained, in part:

> The State agency medical consultants, William Bolz, MD, and Lynne Torello, MD, opined in the physical residual functional capacity that the claimant can frequently lift/carry 10 pounds, can occasionally lift/carry 20 pounds, can stand/walk for 4 hours in an 8 hour day, can sit for 6 hours in an 8 hour workday, can occasionally climb ramps, stairs, ladders, ropes, and scaffolds, and can occasionally stoop, kneel, crouch, and crawl.  (Exhibits 1 A and 3A)[.]  The undersigned finds the limitations suggested by the State agency medical consultants persuasive and has accounted for these limitations in the adopted residual functional capacity as they are consistent with the nature, scope, or findings from the treatment record, and they are supported by the evidence of record, which showed the claimant was routinely noted to have 5/5 strength in her lower extremities and ambulated with a normal gait.  (Exhibits 3F/17 and 21-22, 6F/7-10, 7F/7-9, and l0F/8-9)[.]  The undersigned has accounted for the claimant's subjective complaints of increased pain with ambulation by adopting the above postural limitations and limiting her to standing/walking to 4 hours in an 8 hour day.  (Exhibits 7F/ 16, l0F/89, 11F/131-133, and hearing testimony)[.]  Additionally, the undersigned has accounted for the opinions of treating physicians in further limiting the claimant to lifting and carrying 15 pounds occasionally.  (Exhibits 9F/6-10 and 15F/3)

(*Id.* at 29).

Before Judge Parker, Bradley argued the ALJ had "improperly attempted to interpret substantial objective medical evidence—including surgeries and raw medical data—and relied solely on opinions from medical sources who did not review much of this substantial objective medical evidence." (Doc. No. 13 at 7).  In support, Bradley cited record evidence from 2018 and 2019 that

was not available to the state agency medical consultants when they issued their 2017 medical opinions.

Judge Parker interpreted Bradley's argument as it was stated: a "raw medical data" challenge alleging the ALJ had improperly played doctor by attempting to interpret x-rays and lab results. Judge Parker rejected Bradley's argument, concluding the ALJ had not interpreted raw medical data but had properly considered the objective medical evidence as she was required to do.  Judge Parker correctly stated, "so long as the ALJ considers the opinion in light of all the evidence in the record, the ALJ may credit an opinion that predates other evidence in the record," and "an ALJ does not err simply because her RFC finding is based on the objective medical evidence instead of a physician's opinion." (Doc. No. 17 at 14-15, 18).

Bradley now contends Judge Parker misinterpreted her "raw medical data" challenge.  She alleges she "did not argue that the ALJ's RFC must be based on a physician's opinion," but instead argued the ALJ improperly "interpret[ted] abnormal raw medical data in functional terms."  (Doc. No. 18 at 2).  In support of this argument, Bradley again cites portions of the record – both raw medical data (e.g. MRI results and x-rays) and medical opinion evidence – that were not considered by the state agency medical consultants and conflict with the opinions of those consultants.  She does not allege the ALJ failed to consider this conflicting evidence but faults the ALJ's decision to find "persuasive" the state agency medical consultants "cited almost none" of that evidence.  (*Id.* at 3).  Essentially, Bradley contends the ALJ must have improperly interpreted raw medical data to find the opinions of those consultants consistent with that objective medical evidence.

Although muddled, Bradley's renewed "raw medical data" challenge is, in principle, an objection to Judge Parker's findings that "[s]ubstantial evidence also supports the ALJ's conclusion that the state agency consultants' opinions were consistent with the evidence as a whole," and "the same substantial evidence . . . also supported the ALJ's ultimate RFC finding." (Doc. No. 18 at 3-4

(quoting Doc. No. 17 at 15, 19)).  Bradley contends that, contrary to Judge Parker's finding, the limitations opined by the state agency medical consultants and adopted by the ALJ in her RFC determination are not supported by substantial evidence, but inconsistent with the evidence in the record as a whole.  I agree.

Judge Parker correctly concluded, "the ALJ's decision, read as a whole, demonstrates that the ALJ considered all the evidence in the record before finding that those opinions were consistent with the record evidence."  (Doc. No. 17 at 15).  But despite her consideration of all of the record evidence, I cannot uphold the ALJ's decision to adopt the limitations opined by the state agency medical consultants.

The first of these limitations is the ALJ's finding that Bradley could perform jobs where she could "stand and walk a total of four hours in an eight-hour workday."  (Doc. No. 12 at 23).  The ALJ explained she had "accounted for the claimant's subjective complaints of increased pain with ambulation by adopting the above postural limitations and limiting her to standing/walking to 4 hours in an 8 hour day."  (*Id.* at 29).  In support, the ALJ cited exhibits containing Bradley's reports that she could only walk and stand for 15-20 minutes at a time before experiencing pain and numbness, which required her to sit and rest.[1]

---

[1] Of the ALJ's citations in support of this statement, the first, "7F/16," contains no reference to Bradley's subjective symptoms, but an earlier page from this March 2018 record states, "she is able to sit indefinitely and can only stand and walk for 15-minute periods of time."  (Doc. No. 12 at 318).  The second recounts an incident that occurred at Walmart in November 2018 when Bradley experienced numbness in her right leg after being on her feet and pushing a cart for 20 minutes.  (*Id.* at 490).  The third, "11F/131-133)," does not exist as exhibit 11F contains only 65 pages.  (*Id.* at 570-634).  If this was a typographical error and the ALJ intended to cite "11F/31-33," this November 2018 record states, "patient continuing to have low back pain with daily activities, but primarily worsens with ambulation" and "notes increase in pain at 15-20 minutes of walking."  (*Id.* at 600-01).  Finally, as recalled by the ALJ earlier in her decision, during the hearing, Bradley testified to "a lot of pain" in her back and renewed numbness in her left leg.  (*Id.* at 50).  She further affirmed she could not walk or stand for more than 15 minutes at a time; she could not walk around the block or even prepare a meal without taking a break to sit.  (*Id.* at 51-53).

The ALJ recognized these exhibits and others containing similar reports over the course of her decision, repeatedly recounting Bradley's assertion that she can only walk and stand for 15-minute periods of time. (*Id.* at 23-25, 27-28).  But while purporting to "account" for these subjective complaints, the ALJ did not conclude Bradley could "stand and walk a total of four hours in an eight-hour workday," if those four hours were to split into 15-minute increments.  In fact, the ALJ makes no reference to Bradley's need for *any* seated break over the course of those four "total" hours, let alone a break every fifteen minutes.  Without such a provision, the RFC indicates Bradley could perform a job which would require her to stand or walk for up to four consecutive hours without a break.  This is not supported by even the opinions of the state agency medical consultants, who found Bradley could "[s]tand and/ or walk (with normal breaks) for a total of: 4 hours." (*Id.* at 79 & 89).

Because there is no evidence a reasonable mind might accept as adequate to support the conclusion that Bradley could "stand and walk a total of four hours in an eight-hour workday" without further limitation, the ALJ's decision to adopt this limitation is not supported by "substantial evidence."  Therefore, the matter must be remanded so that the ALJ may reevaluate Bradley's RFC.

In light of this, I will keep my remarks about the second limitation brief.  Ultimately, I conclude the ALJ has failed to "build an accurate and logical bridge," *Fleischer*, 774 F. Supp. 2d at 877, between the evidence and the second limitation, in which the ALJ found Bradley can "occasionally climb ramps, stairs, ladders, ropes, and scaffolds; occasionally balance, stoop, kneel, crouch, and crawl." (Doc. No. 12 at 23).  It is difficult to see "an accurate and logical bridge," between even the ALJ's own findings and these opined limitations.  For example, the ALJ concluded Bradley suffered from obesity, (*id.* at 22), and found Bradley was "limited to lifting and carrying 15

pounds occasionally and 10 pounds frequently, (*id.* at 23), but somehow also concluded Bradley could also "occasionally" climb ropes.  This conclusion seems highly inconsistent.

## V.  CONCLUSION

For the foregoing reasons, I reject Judge Parker's conclusions that "substantial evidence" supports "the ALJ's conclusion that the state agency consultants' opinions were consistent with the evidence as a whole" and "the ALJ's ultimate RFC finding."  (Doc. No. 17 at 15, 19).  Accordingly, I vacate the Commissioner's decision and remand the matter.  On remand, the ALJ must reassess Bradley's RFC and build "an accurate and logical bridge between the evidence and the result." *Fleischer*, 774 F. Supp. 2d at 877.


So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
